IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 DEC -4 PM 2: 17
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| THE STATE OF GEORGIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-179 |
| ) | |
| MINISTER AJANI NASIR ALI, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, the State of Georgia, issued a traffic citation to Defendant on November 20, 2012, charging him with driving on a suspended license. (See doc. no. 1, p. 2; see also doc. no. 1-2, p. 1.) Defendant, who is proceeding *pro se*, then filed the instant "Notice of Removal," in which he purports to remove his case to federal court pursuant to Article III, Section 2 of the United States Constitution, as well as 28 U.S.C. §§ 1252, 1441, and 1446. (Doc. no. 1.) After a review of Defendant's notice of removal, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED**.[1]

The threshold issue raised by Defendant's notice is whether the Court has jurisdiction to hear his claims, which concern a traffic citation that he was issued for driving with a

---

[1] The Court is aware that Defendant has submitted a motion to proceed *in forma pauperis* ("IFP") in this case. (Doc. no. 2.) As the Court has determined that it lacks jurisdiction over Defendant's case, see infra, his motion to proceed IFP should be **DEEMED MOOT**.

suspended license.² (See doc. no. 1-2, p. 1.) Contrary to Defendant's assertions regarding the Court's authority to hear his claims (doc. no. 1, pp. 1-2), the Court finds that it does not have jurisdiction over this matter.

First, the Court notes that Defendant's reliance on 28 U.S.C. §§ 1441 and 1446 is misplaced, in that those statutes concern the removal of civil actions, whereas Defendant's action, given that it is based on an alleged violation of Official Code of Georgia ("O.C.G.A.") § 40-5-121, is of a criminal nature. However, the Supreme Court of the United States has held that federal courts have no jurisdiction over criminal matters, except for what is provided by statute. See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting that "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts). Here, Defendant has failed to point to, nor is the Court aware of, any valid authority demonstrating that this

---

²The Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

Court has subject-matter jurisdiction over his claims, which concern a criminal matter firmly within the purview of the O.C.G.A.

As to Defendant's reference to Article III, Section 2 of the United States Constitution, that attempt at establishing federal jurisdiction is unavailing as well. While it is true that Article III provides that "[i]n all Cases affecting Ambassadors, other public Ministers and Consuls . . . the supreme Court shall have original Jurisdiction," U.S. Const. art. III, § 2, cl. 2, the Court notes, first, that Defendant has attempted to remove his case to a district court, not to the Supreme Court, and, second, that Defendant offers no more than conclusory assertions that he is indeed any sort of "public minister." (See doc. no. 1.) Moreover, 28 U.S.C. § 1251 provides that "[t]he Supreme Court shall have original *but not exclusive* jurisdiction of (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties[.]" 28 U.S.C. § 1251(b) (emphasis added); see also In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 272 (5th Cir. 2001) (explaining that § 1251, as last revised in 1978, "merely allow[s] for non-exclusive jurisdiction [in the Supreme Court] over actions involving ambassadors, ministers, and consuls of foreign nations"). Thus, even if Defendant *were* attempting to remove his case to the Supreme Court and *had* adequately demonstrated that he is a public minister as contemplated by Article III, he has not established that the State of Georgia does not have jurisdiction over him, nor that removal is appropriate here. For those reasons, Article III does not provide Defendant with a legitimate avenue into federal court.

To the extent that Defendant intends to challenge the validity of any sentence that may be imposed, the Court notes that any such action is premature. First, it does not appear that

Defendant has been convicted or sentenced, given that his court date not yet arrived. (See doc. no. 1-2, p. 1.) Notably, even if Defendant *had* already been sentenced, a petitioner may not bring a federal habeas petition before first exhausting his state remedies. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). Accordingly, even if Defendant's notice were to somehow be construed as a federal habeas petition, such petition is markedly premature and therefore subject to dismissal on that ground.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, that Defendant's motion to proceed IFP be **DEEMED MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4